# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JAMES LEE WOTRING                                                                        PETITIONER

v.                                   NO. 2:16-cv-00085 BSM/PSH

C.V. RIVERA, Warden,                                                                    RESPONDENT
F.C.C. Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

The record reflects that on November 5, 2009, petitioner James Lee Wotring ("Wotring") entered the custody of the Missouri Department of Corrections ("MDC") for parole violations in 04CR125751 and 04CR128091. See Document 8, Declaration of James D. Crook at 2. Wotring represents that on the same day, he was indicted in the United States District Court for the Eastern District of Missouri in 4:10CR18. See Document 1 at CM/ECF 5. He completed the term of imprisonment imposed for the parole violation in 04CR125751 on January 8, 2010, but he remained in the custody of the MDC for the parole violation in 04CR128091. See Document 8, Declaration of James D. Crook at 2.

On January 20, 2010, the United States of America ("USA") obtained custody of Wotring from the MDC pursuant to a writ of habeas corpus ad prosequendum. See Document 8, Declaration of James D. Crook at 2. He was called upon to answer the indictment in 4:10CR18. He eventually pleaded guilty in that case. On September 28, 2010, United States District Judge E. Richard Webber sentenced Wotring to eighty-five months in the custody of the Federal Bureau of Prisons ("BOP"). See Id. See also Document 8, Attachment 5. Wotring was then returned to the custody of the MDC to complete the term of imprisonment for the parole violation in 04CR128091.

On October 4, 2010, Wotring's probation was revoked in 0511-CR06882. See Document 8, Declaration of James D. Crook at 2. Wotring was sentenced in that case to a term of ten years in the custody of the MDC. See Id.

On April 6, 2011, an amended judgment was entered in 4:10CR18. See Document 8, Declaration of James D. Crook at 3. See also Document 8, Attachment 8. The amended judgment provided, in part, that the eighty-five month term of imprisonment imposed by Judge Webber in 4:10CR18 should "run concurrently to case[s] ... 0611—CR08438—01, 0511-CR06882, 04CR—125751, and 04CR—128091." See Document 8, Attachment 8 at 2. Three months later, the BOP designated the MDC's facilities as the place for service of Wotring's sentence in 4:10CR18. See Document 8, Declaration of James D. Crook at 3.

On May 11, 2015, Wotring completed or was otherwise released from his state sentences. See Document 8, Declaration of James D. Crook at 3. He was released to the custody of the BOP to continue service of his sentence in 4:10CR18. See Id. After he entered federal custody, the BOP prepared a sentence computation. See Document 8, Attachment 11. It reflected that Wotring's sentence in 4:10CR18 was deemed to have commenced on September 28, 2010, i.e., the day it was imposed by Judge Webber, and Wotring was given no "prior credit time." See Document 8, Attachment 11 at 2.

Wotring found the BOP's sentence computation unacceptable and began the grievance process in an attempt to obtain credit on his sentence in 4:10CR18 for the 327 day period from November 5, 2009, the date of indictment in 4:10CR18, up to September 28, 2010, the date he was sentenced in that case. He did so by filing a grievance at the institutional level, which was denied. Although he could have appealed the adverse decision to the regional or central office levels, he did not do so. See Document 8,

Declaration of James D. Crook at 5.

Wotring commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he challenged the calculation of his sentence in 4:10CR18. He maintained that he is entitled to credit on the sentence for the 327 day period from November 5, 2009, up to September 28, 2010. He appeared to offer three reasons in support of his assertion. First, Judge Webber ordered that the sentence be credited for the 327 day period. Second, Wotring was in federal custody during the 327 day period. Last, the BOP had previously notified him that he would receive credit for the 327 day period, but "the BOP quickly changed this jail credit from 327 days to [zero]" when he entered federal custody. See Document 1 at CM/ECF 5.

Respondent C.V. Rivera ("Rivera") filed a response to the petition and maintained that Wotring is not entitled to relief for two reasons. First, Wotring failed to exhaust his administrative remedies. Second, the 327 day period from November 5, 2009, up to September 28, 2010 could not be applied to his sentence in 4:10CR18 because the period had been applied to his state parole violation sentences.[1]

The undersigned begins an analysis of Wotring's petition by addressing Rivera's exhaustion argument, which focuses on the procedure Wotring used prior to arriving in federal court. See State of Missouri v. Bowen, 813 F.2d 864 (8th Cir. 1987). The doctrine requires Wotring to have completely exhausted his administrative remedies before filing

---

[1] Wotring was given two opportunities to file a reply to Rivera's response, See Documents 11 and 14, but he failed to do so.

his petition. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000).

Wotring filed a grievance at the institutional level challenging the BOP's refusal to credit his sentence in 4:10CR18 for the 327 day period from November 5, 2009, up to September 28, 2010. The grievance was denied at that level. In order to have completely exhausted his administrative remedies, he was required to have appealed the decision to the regional and central office levels. It is clear that he did not do so. Given his failure to appeal the decision, he did not completely exhaust his remedies before commencing this case. His petition should be dismissed because he failed to do so.[2]

Rivera alternatively maintains that Wotring's petition warrants no relief because he is not entitled to credit on his sentence in 4:10CR18 for the 327 day period from November 5, 2009, up to September 28, 2010. The undersigned agrees.

The BOP initially possesses the exclusive authority to compute "sentence credit awards after sentencing." See Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). The BOP's construction of a statute is due deference, but the judiciary retains "the final authority on matters of constitutionality and statutory construction." See Id.

18 U.S.C. 3585(b) provides that a defendant shall be given credit on his sentence for any time he spent in official detention prior to the date the sentence commences "as a result of the offense for which the sentence was imposed" or "as a result of any other

---

[2] The exhaustion requirement may be disregarded if it is shown that attempting to exhaust would be futile. Wotring has not made the requisite showing. Although his appeals to the regional and central offices may not have produced a favorable result, the likelihood of an unfavorable decision does not mean the appeal is futile.

charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. 3585(b) contains an important qualification: it provides that the defendant shall be given credit on his sentence for any time he spent in official detention prior to the date the sentence commences "that has not been credited against another sentence."

The question at bar is whether Wotring is entitled to credit on his sentence in 4:10CR18 for the 327 day period from November 5, 2009, i.e., the day he was indicted in 4:10CR18, up to September 28, 2010, the day he was sentenced in 4:10CR18. Having thoroughly reviewed the record, the undersigned is persuaded that the BOP has calculated his sentence in a reasonable and appropriate manner and in accordance with federal law. The undersigned so finds because Wotring received credit on his state parole violation sentences for the 327 day period, and 18 U.S.C. 3585(b) precludes crediting his sentence in 4:10CR18 for the same period of time. See United States v. McIntyre, 508 F.2d 403 (8th Cir.), cert. denied, 422 U.S. 1010 (1975) (defendant not entitled to credit on federal sentence after receiving credit on state sentence for same period). James D. Crook's unrebutted declaration conclusively establishes that the 327 day period was "applied towards [Wotring's] parole revocation sentences." See Document 8, Declaration of James D. Crook at 4.[3]

---

[3] There is a limited exception to the prohibition against "double credit." See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), Willis v. United States, 438 F.2d 923 (5th Cir. 1971). The undersigned desired some clarification on that issue and obtained an additional response from Rivera on the issue. Having reviewed his response, it is clear that the exception is not applicable in this instance. As Rivera correctly notes, "[f]rom November 5, 2009, to September 28, 2010, [Wotring] was in service of his parole violation

Wotring maintains that Judge Webber ordered the sentence in 4:10CR18 be credited with the 327 day period from November 5, 2009, up to September 28, 2010. Wotring misapprehends what Judge Webber ordered. In the amended judgment, Judge Webber ordered the sentence in 4:10CR18 "run concurrently to case[s] … 0611—CR08438—01, 0511-CR06882, 04CR—125751, and 04CR—128091." The BOP complied with that directive when it deemed Wotring's sentence in 4:10CR18 to have commenced on the day it was imposed, i.e., September 28, 2010, even though he was at that time in the primary custody of the MDC. The BOP designated the MDC as the facility for service of his sentence in 4:10CR18, and he immediately began receiving credit on the sentence. Judge Webber never ordered that Wotring receive credit on his sentence in 4:10CR18 for the 327 day period.

Wotring alternatively maintains that he was in federal custody during the 327 day period from November 5, 2009, up to September 28, 2010, and he should receive credit for that period of time. The undersigned cannot agree because Wotring was not in official federal detention during that period of time. He was merely "on loan" from Missouri authorities pursuant to a writ of habeas corpus ad prosequendum. See United States v. Cole, 416 F.3d 894 (8th Cir. 2005) (transferred prisoner "on loan"). The writ did not alter Wotring's custody status; the writ merely changed the location of his custody. See Munz v. Michael, 28 F.3d 795 (8th Cir. 1994). Because he was merely "on loan," he remained

---

sentences, not in pre-sentence custody." See Document 16 at CM/ECF 3.

in the primary custody of Missouri authorities and is not entitled to credit on his sentence in 4:10CR18 for the 327 day period.

Wotring last offers what appears to be an estoppel argument. He maintains that the BOP initially credited his sentence in 4:10CR18 for the 327 day period from November 5, 2009, up to September 28, 2010, but "quickly changed this jail credit from 327 days to [zero]" when he entered federal custody. He appears to maintain that the BOP should be compelled to honor its initial computation. The undersigned cannot agree. Assuming, arguendo, that the BOP initially credited the sentence for the 327 day period, he has offered no support for the proposition that the BOP is permanently bound by its initial calculation, and the undersigned knows of no authority supporting such a proposition.

In summary, the undersigned finds that Wotring did not completely exhaust his administrative remedies before commencing this case. His petition should be dismissed because he failed to do so. Alternatively, the undersigned finds that the BOP has calculated his sentence in 4:10CR18 in a reasonable and appropriate manner and in accordance with federal law.

Accordingly, the undersigned finds that Wotring's petition warrants no relief. It is therefore recommended that his petition be dismissed with prejudice. All requested relief should be denied, and judgment should be entered for Rivera.

DATED this 12th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE